**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUDY ARBILDO VALDIZAN, | No. 18-70722 |
| Petitioner, | Agency No. A202-012-521 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2020[**]

Before:  HAWKINS, GRABER, and BYBEE, Circuit Judges.

Petitioner Rudy Arbildo Valdizan, a native and citizen of Peru, seeks review

of the Board of Immigration Appeals' ("BIA") final order, on remand from this

court, affirming the immigration judge's ("IJ") denial of his request for relief under

the Convention Against Torture ("CAT"), and of the BIA's prior decision

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirming the IJ's denial of his requests for asylum and withholding of removal. We deny the petition.

1. Substantial evidence supports the adverse credibility finding. Shrestha v. Holder, 590 F.3d 1034, 1039 (9th Cir. 2010). We must uphold an adverse credibility determination if substantial evidence supports even one ground relied on. Rizk v. Holder, 629 F.3d 1083, 1088–89 (9th Cir. 2011).

The BIA permissibly relied on the inconsistency that the IJ identified between Petitioner's hearing testimony and his sworn statement to a United States Customs and Border Protection agent. At his hearing, Petitioner testified that smugglers kidnapped and robbed him and then forced him to use a fake identification card to apply for admission to the United States. But in his sworn statement, Petitioner said that he paid a smuggler in Mexico to take him to New York and used the fake identification because he needed to escape from Peru, and the smugglers gave him an identification card to do so. The IJ did not have to accept Petitioner's evasive and unresponsive explanations for the inconsistency. See Cortez-Pineda v. Holder, 610 F.3d 1118, 1124 (9th Cir. 2010).

Petitioner's admission that he lied to a United States consular officer about his living situation in Peru and about his reason for visiting the United States when he applied for a visa also provides substantial evidence for the adverse credibility

determination. See Singh v. Holder, 643 F.3d 1178, 1181 (9th Cir. 2011) (holding that a petitioner's choice to lie to immigration authorities "always counts as substantial evidence supporting an adverse credibility finding, unless the lie falls within the narrow Akinmade [v. INS, 196 F.3d 951 (9th Cir. 1999)] exception"). The Akinmade exception does not apply because Petitioner did not testify, or present other evidence, that he lied "in order to flee his place of persecution or secure entry into the United States." Akinmade, 196 F.3d at 955.

Petitioner was the sole witness in support of his application, so his asylum and withholding claims depended on his credible testimony. The BIA's denial of those claims is, thus, supported by substantial evidence.

2. Substantial evidence also supports the BIA's determination that Petitioner did not demonstrate eligibility for CAT relief. See Shrestha, 590 F.3d at 1048–49 (stating standard of review and CAT standard).

First, substantial evidence supports the BIA's conclusion that the past harm Petitioner suffered did not amount to torture as defined by the CAT regulations. 8 C.F.R. § 1208.18(a). Although Petitioner suffered harm because of his sexual orientation, only the incidents of sexual abuse rose to the level of torture. See Avendano-Hernandez v. Lynch, 800 F.3d 1072, 1079 (9th Cir. 2015) (holding that

rape and sexual abuse due to a person's sexual orientation rise to the level of torture). But that abuse was at the hands of private citizens.

Second, substantial evidence supports the BIA's conclusion that Petitioner did not show that any future torture Petitioner might suffer would be done with the consent or acquiescence of the Peruvian government. 8 C.F.R. § 1208.18(a)(1). Petitioner testified that, on one occasion, police refused to take a report from Petitioner because of his sexual orientation. That incident, however, did not involve harm that rose to the level of torture. And, on another occasion, police did respond and take a report when Petitioner sought their help regarding a domestic assault between Petitioner's friend and same-sex partner. Thus, the record does not compel the conclusion that the government would acquiesce in future torture. See Garcia-Milian v. Holder, 755 F.3d 1026, 1034 (9th Cir. 2014) (describing standard of proof for government acquiescence).

Third, the documentary evidence that Petitioner submitted could support a conclusion that some members of the gay community in Peru are tortured with the government's acquiescence, but the record does not compel the conclusion that Petitioner would more likely than not face a "particularized threat" of torture if he returned to Peru. Dhital v. Mukasey, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam).

Finally, because nothing in the record suggests that the BIA failed to consider all the evidence and because there is no requirement that it discuss every piece of evidence, we accept the general statement that the BIA considered all the evidence before it. Cole v. Holder, 659 F.3d 762, 771–72 (9th Cir. 2011).

3. Reviewing de novo, Ibarra-Flores v. Gonzales, 439 F.3d 614, 620 (9th Cir. 2006), we hold that the IJ did not deprive Petitioner of his due process right to a full and fair hearing. The IJ asked open ended questions, allowed Petitioner the opportunity to elaborate, and asked follow-up questions that successfully elicited more detailed testimony from Petitioner. Moreover, Petitioner has not shown substantial prejudice because the aspects of his testimony on which he relies would not have affected the adverse credibility finding. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir. 2000) (noting that a petitioner must show error and substantial prejudice to succeed on a due process challenge). Finally, the IJ did not exhibit bias against Petitioner.

**PETITION DENIED.**